UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRENT STEVEN GRIFFIN, SR.,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-559** |
| **CITY OF NEW ORLEANS, ET AL.,**  Defendants | **SECTION: "E"** |

## ORDER AND REASONS

This matter comes before the Court on two motions by the Plaintiff, Trent Steven Griffin, Sr., seeking recusal of the undersigned judge in this case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, respectively.[1] For the following reasons, the Motion to Recuse under 28 U.S.C. § 455 is GRANTED, and the Motion to Recuse under 28 U.S.C. § 144 is DENIED AS MOOT. The Clerk of Court should reallot this matter to another Section of this Court.

## BACKGROUND

On March 12, 2014, Plaintiff Trent Steven Griffin, Sr., filed a Complaint for Damages against the City of New Orleans and the New Orleans Police Department, among other defendants.[2] Plaintiff filed dual-motions to recuse, asking that the undersigned judge be recused from the matter under 28 U.S.C. § 144 and 28 U.S.C. § 455. The motions to recuse, which will be addressed together, are the subject of this Order.

---

[1] R. Docs. 50, 51.
[2] R. Doc. 1.

1

## **LEGAL STANDARD**

Title 28, sections 144 and 455, require, *inter alia*, the disqualification of a judge in any proceeding in which his or her impartiality might reasonably be questioned, as well as when he or she has a personal bias or prejudice against a party.[3] In pertinent part, section 144 states, specifically, that upon a movant's "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, the judge shall proceed no further."[4] For the affidavit to be sufficient, "[t]he facts must be such that, if true, they would convince a reasonable person that bias exists," and "[t]he facts must show the bias is personal, as opposed to judicial in nature."[5]

Similarly, section 455(a) states, in pertinent part, that a judge should recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned."[6] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[7] Moreover, "the purpose of § 455(a), and the principle of recusal itself, is not just to prevent *actual* partiality, but to avoid the appearance of partiality."[8] In assessing a motion to recuse under section 455(a), the court should be guided "by an independent examination of the facts and circumstances of the particular claim."[9]

---

[3] *See* 28 U.S.C. §§ 144, 455.
[4] 28 U.S.C. § 144.
[5] *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981).
[6] 28 U.S.C. § 455(a).
[7] *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).
[8] *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Jordan*, 49 F.3d at 155).
[9] *Id.*

## **LAW AND ANALYSIS**

Recusal under 28 U.S.C. § 144 is *not* warranted in the present matter. Under section 144, the movant's affidavit must show that the bias is personal, not judicial, in nature. Here, the alleged bias or prejudice arises out of the undersigned judge's role in overseeing implementation of the Consent Decree between the United States of America and the City of New Orleans for the reform of the New Orleans Police Department (the "Consent Decree").[10]  However, "a judge's role in overseeing a consent decree is part of his [or her] judicial responsibilities and is not evidence of 'personal' or 'extrajudicial' bias."[11] Therefore, the undersigned's role in overseeing the Consent Decree does not bar this Court from deciding matters involving the City of New Orleans or the New Orleans Police Department as it is not evidence of any actual bias or prejudice against or in favor of the City of New Orleans.

Nevertheless, under section 455(a), recusal *is* appropriate. Section 455(a) requires that a judge be recused "in any proceeding in which his [or her] impartiality might reasonably be questioned."[12] Recognizing that section 455(a) claims must be analyzed in light of the particular facts at hand, the Court finds the impartiality of the undersigned *could* reasonably be questioned by a well-informed, thoughtful, and objective observer in a case against the City of New Orleans alleging misconduct of its police department.  The Consent Decree covers a broad array of issues including recruitment and training, performance evaluations and promotions, misconduct and discipline.  It calls for new departmental policies governing the use of force, searches and seizures, arrests, interrogation, lineups and more.  The Court holds regular status

---

[10] *United States v. New Orleans City*, No. 12-1924.
[11] *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 354 (6th Cir. 2008) (quoting *Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir. 1999)).
[12] 28 U.S.C. § 455(a).

conferences and hearings with officials of the City of New Orleans and the New Orleans Police Department to discuss matters governed by the Consent Decree including the type of wrongdoing alleged in this case.

The undersigned is responsible for ensuring that the New Orleans Police Department achieves the reforms set forth in the Consent Decree, a task that mandates knowledge of and familiarity with the New Orleans Police Department and its operations. Although the Court has no bias or prejudice in favor of or against the New Orleans Police Department, the present matter involves allegations of misconduct against the police department. In light of the undersigned's role as overseer of the Consent Decree, recusal is appropriate under Section 455(a) to avoid even the appearance of impropriety.

## CONCLUSION

Pursuant to 28 U.S.C. § 455, Plaintiff's Motion to Recuse is **GRANTED**, and **IT IS ORDERED** that the Clerk of Court reallot this matter to another Section of this Court.

**New Orleans, Louisiana, this 31st day of December, 2014.**

_____
**JUDGE SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

12/31/14
REALLOTTED TO
**SECT. I**