## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TRENT STEVEN GRIFFIN, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                                      **No. 14-559**

**NEW ORLEANS CITY ET AL.**                                    **SECTION I**

## ORDER AND REASONS

Before the Court are a number of motions[1] filed by defendants, described below, for the dismissal of plaintiff's claims pursuant to Rules 12(b)(6), 12(c), and 56 of the Federal Rules of Civil Procedure. Plaintiff, proceeding *pro se*, has filed oppositions.[2] For the following reasons, the Rule 12 motions are **GRANTED** and the motion for summary judgment is **DISMISSED AS MOOT**.

## BACKGROUND

### I.       Factual Background

Although plaintiff's rambling 50-page amended complaint is difficult to understand, the Court construes plaintiff's factual allegations as follows. Plaintiff alleges that on or before December 12, 2012,[3] he was driving in his vehicle with a passenger down Tchoupitoulas Street when he was pulled over by a New Orleans Police Department ("NOPD") officer.[4] The NOPD officer allegedly "began to ask questions, 'without Miranda Warnings' that law enforcement officers are required to provide, then having [sic] the plaintiff step out of the vehicle."[5] Plaintiff

---

[1] R. Doc. Nos. 5, 6, 25, 35.
[2] R. Doc. Nos. 8, 13, 27.
[3] *See* R. Doc. No. 12, ¶ 5; *see also* discussion *infra* pp. 8-9.
[4] R. Doc. No. 12, ¶¶ 17-18.
[5] R. Doc. No. 12, ¶ 19.

alleges that he "refus[ed] to comply with the officer's questions," resulting in plaintiff's arrest.[6] According to plaintiff, during the arrest "the officer was informed at that time the plaintiff had multiple injuries and he had been shot by a 'cop' police officer."[7] Plaintiff asserts that the NOPD officer "fabricated" charges of driving while intoxicated and other vehicle-related charges, and that he was pulled over and arrested because "[t]he policer [sic] officer observed two black male subjects in a vehicle with out of state plates in the early hours of the morning traveling on a public road in the City of New Orleans."[8]

Plaintiff alleges that following his arrest, he was taken to the "Central Lockup of the Orleans Parish Prison" ("OPP"), where he "was placed in an open bay area with other detainees."[9] "During the plaintiff's incarceration, another inmate assaulted the plaintiff by striking him in the left side of the face without any warning or prediction."[10] Plaintiff alleges that he advised the deputies that he wanted to press charges, but that the assailant was not charged and instead "was released hours before the plaintiff."[11] Plaintiff also alleges that because of the "inadequate intake and classification process" at OPP, plaintiff was never asked whether he had any medical conditions, and he was given Tylenol following the assault without being asked

---

[6] R. Doc. No. 12, ¶ 19.

[7] R. Doc. No. 12, ¶ 19. Paragraph 23 of plaintiff's amended complaint is a difficult-to-decipher description of an incident in which plaintiff allegedly "sustained gunshot wounds from an off duty police officer." R. Doc. No. 12, ¶ 23. Plaintiff does not clearly state when the alleged shooting occurred or whether or not he is pursuing any claims related to such incident, but it is clear that such incident *preceded* the allegedly wrongful arrest and detention. *See* R. Doc. No. 12, ¶ 19 ("As the officer was handcuffing the plaintiff, the officer was informed at that time the plaintiff had multiple injuries and he *had been shot* by a 'cop' police officer.") (emphasis added). Accordingly, to the extent that the amended complaint states any claims arising out of the alleged shooting, such claims would also be time-barred.

[8] R. Doc. No. 12, ¶ 20.

[9] R. Doc. No. 12, ¶ 21.

[10] R. Doc. No. 12, ¶ 21.

[11] R. Doc. No. 12, ¶ 21.

about other medications he may have been taking or "what charges he was facing to prevent any drug-drug interaction or drug-alcohol interaction."[12]

Following the incident, plaintiff alleges that he complained to some of the defendants: "The plaintiff complains [no] 'affirmative' actions were initiated by the [NOPD]'s Public Integrity Bureau, Superintendent Ronal Serpas, Commander Arlinda Westbrook, and Sheriff Marlin Gusman, following a formal complaint mailed December 12, 2012. The Complaint was acknowledged by another officer of the [NOPD]'s, Public Integrity Division on December 17, 2012 by email."[13]

## II.    Procedural Background

Plaintiff filed his original *pro se* complaint on March 12, 2014.[14] On April 4, 2014, the "City Defendants"[15] filed a Rule 12(b)(6) motion to dismiss all claims against them because such claims "have prescribed," among other reasons.[16] On April 14, 2014, defendant Marlin N. Gusman, the Sheriff of Orleans Parish ("the Sheriff"), filed a motion for summary judgment, asserting that plaintiff's claims "are time-barred," among other reasons.[17] Plaintiff opposed both motions,[18] and filed an amended complaint on April 23, 2014.[19] The City Defendants filed a second Rule 12(b)(6) motion to dismiss the amended complaint on May 6, 2014, re-urging their

[12] R. Doc. No. 12, ¶ 21.
[13] R. Doc. No. 12, ¶ 5.
[14] R. Doc. No. 1.
[15] The City of New Orleans, the New Orleans Police Department, Mayor Mitchell J. Landrieu, NOPD Superintendent Ronal Serpas, NOPD officer Christopher Laine, and NOPD commander Arlinda Westbrook refer to themselves as the "City Defendants," and this order and reasons does so as well. *See* R. Doc. No. 5, at 1.
[16] R. Doc. No. 5, at 1.
[17] R. Doc. No. 6, at 1.
[18] R. Doc. Nos. 8, 13.
[19] R. Doc. No. 12.

arguments that plaintiff's claims are untimely.[20] Plaintiff also opposed this motion.[21] On July 21, 2014, the Sheriff filed a Rule 12(c) motion to dismiss the amended complaint, asserting similar arguments to those urged in the Sheriff's motion for summary judgment.[22] The record does not reflect that plaintiff ever filed an opposition to this Rule 12(c) motion.

## STANDARD OF LAW

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999);

---

[20] R. Doc. No. 25.
[21] R. Doc. No. 27.
[22] R. Doc. No. 35.

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

Rule 12(c) states that, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A Rule 12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *see also Kummerle v. EMJ Corp.*, 538 F. App'x 373, 373 (5th Cir. 2013).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) ("[J]udgment on the pleadings under [Rule 12(c)] is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim.").

As plaintiff is appearing *pro se*, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff's pleading is to be construed liberally. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

**DISCUSSION**

Plaintiff cites a number of federal and state laws in his complaint, including: the Fourth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution;[23] 42 U.S.C. §§ 1983 and 1985;[24] the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d(c);[25] Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*;[26] Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*;[27] section 504 of the Rehabilitation Act, 29 U.S.C. § 794;[28] various provisions of the Code of Federal Regulations;[29] certain criminal statutes related to civil rights crimes;[30] and a plethora of case law.[31]

Despite these numerous citations and the occasionally contradictory language in the amended complaint, it is clear that plaintiff "complains of violations of the 4th, 8th, 13th and 14th Amendments, enforceable pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985(3) and . . . violations of Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation

---

[23] *E.g.*, R. Doc. No. 12, ¶¶ 3, 28-37, 46-47.
[24] *E.g.*, R. Doc. No. 12, ¶¶ 1, 3.
[25] *E.g.*, R. Doc. No. 12, ¶¶ 1, 8.
[26] *E.g.*, R. Doc. No. 12, ¶¶ 1, 8.
[27] *E.g.*, R. Doc. No. 12, ¶¶ 1, 38-42.
[28] *E.g.*, R. Doc. No. 12, ¶¶ 1, 43-45.
[29] *E.g.*, R. Doc. No. 12, ¶¶ 1, 3, 6.
[30] *E.g.*, R. Doc. No. 12, ¶¶ 3, 7.
[31] *E.g.*, R. Doc. No. 12, ¶ 9.

Act."[32] Accordingly, the Court considers whether plaintiff's claims pursuant to §§ 1983 and 1985, the ADA, and the Rehabilitation Act are timely or whether such claims have prescribed.[33]

With respect to these claims, federal law borrows the applicable limitations period from state law, and each cause of action is subject to a one-year statute of limitations.[34] *See Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (explaining that "[t]he statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose," and that "[i]n Louisiana, the applicable prescriptive period is one year"); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (finding that claims under Title II of the ADA and under the Rehabilitation Act are subject to the relevant state's limitations period for personal injury cases); *see also Reed v. Lange*, 590 F. App'x 420, 420 (5th Cir. 2015).

Although the applicable limitations period is determined pursuant to state law, the accrual of a cause of action is resolved by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988). "'[T]he limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the

---

[32] R. Doc. No. 12, ¶ 3. To the extent that plaintiff alleges that defendants are being sued pursuant to the Amendments to the U.S. Constitution, *see, e.g.*, R. Doc. No. 12, ¶ 13, at p. 21-22, and to the extent that plaintiff alleges that he is seeking relief pursuant to the civil rights criminal statutes, such as 18 U.S.C. § 242, *see, e.g.*, R. Doc. No. 12, ¶ 13, at p. 21-22, the Court construes such allegations as a restatement of plaintiff's § 1983 and § 1985 claims. *See, e.g.*, *Felder v. Casey*, 487 U.S. 131, 139 (1988) ("Section 1983 creates a species of liability in favor of persons deprived of their federal civil rights by those wielding state authority.").

[33] *See* R. Doc. No. 12, ¶ 10, at p. 12; ¶ 11, at p. 19; ¶ 12, at p. 21; ¶ 13, at p. 21; ¶ 14, at p. 23; ¶ 15, at p. 25; ¶ 16, at p. 27; ¶ 17, at p. 28; ¶¶ 28-47.

[34] Plaintiff asserts that Texas's two-year statute of limitations for tort causes of action should apply to his case because he is a resident of Texas. R. Doc. No. 13, at 2; R. Doc. No. 23, at 4. However, Louisiana is the forum state and the state in which the underlying conduct occurred. The state in which the plaintiff resides at the time of litigation is irrelevant for the purpose of determining the statute of limitations. *See, e.g.*, *Newman v. Coffin*, 464 F. App'x 359, 362 (5th Cir. 2012).

exercise of due diligence, would have led to actual knowledge thereof.'" *Newman*, 464 F. App'x at 362 (quoting *Jensen*, 841 F.2d at 606); *see also Frame*, 657 F.3d at 238 ("[T]he rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.") (footnotes and internal quotation marks omitted). "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the *facts* forming the *basis* of his cause of action, . . . not that of the existence of the cause of action itself." *Jensen*, 841 F.2d at 606 (internal quotation marks omitted) (alteration in original).

If plaintiff was arrested on fabricated charges and had done nothing wrong, as he alleges, then he was aware of the facts that support his claim at the time of his arrest. Likewise, plaintiff was obviously aware of the alleged assault and the allegedly deficient medical care at OPP during his incarceration. Accordingly, plaintiff's claims accrued and the statute of limitations began to run on the date of his allegedly unlawful arrest and detention. *See also Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) ("In the context of such a claim for wrongful arrest and confinement, it is the plaintiff's knowledge of those two events that triggers the limitations period."); *see also Wallace*, 549 U.S. at 387-92.

Plaintiff's 50-page amended complaint never actually mentions the date on which he was arrested and detained. However, plaintiff does allege that on December 12, 2012, he mailed a formal complaint to several of the defendants.[35] Accordingly, because the incident must have

---

[35] R. Doc. No. 12, ¶ 5.

occurred prior to the mailing of plaintiff's complaint on December 12, 2012,[36] all of plaintiff's claims prescribed no later than December 12, 2013, three months prior to the filing of plaintiff's original complaint.[37]

Plaintiff asserts that the doctrine of *contra non valentem* should apply to save his claims from prescription.[38] Under Louisiana law, the principle of *contra non valentem* suspends the running of the prescriptive period when the circumstances of the case fall under one of four categories: "(1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action." *Bergeron v. Pan Am. Assurance Co.*, 731 So. 2d 1037, 1042 (La. App. 4 Cir. 1999) (internal quotation marks omitted); *Corsey v. State Dep't of Corrections*, 375 So. 2d 1319, 1321-22 (La. 1979). "Louisiana jurisprudence recognizes that *contra non valentem* is an exceptional remedy which is in direct contradiction to the articles in the Civil Code and therefore should be strictly construed." *Bergeron*, 731 So. 2d at 1042; *see also Specialized Loan Servicing, LLC v. January*, 119 So. 3d 582, 585 (La. 2013).

To the extent that the doctrine of *contra non valentem* is applicable to plaintiff's claims,[39] plaintiff has not alleged anything that would support its application. Plaintiff apparently relies on the period of time during which he was pursuing and awaiting resolution of his December 12,

---

[36] Other evidence submitted by defendants in connection with their motions shows that plaintiff was arrested on August 19, 2012. *See* R. Doc. No. 5-2; R. Doc. No. 6-4. However, because the Court is limited to the allegations in the amended complaint when deciding defendants' Rule 12 motions, the Court does not consider this evidence and does not rely on it for any purpose in this order and reasons.

[37] *See* R. Doc. No. 1.

[38] *E.g.*, R. Doc. No. 8, at 2.

[39] *See Reed*, 590 F. App'x at 421 ("In addition to the limitations period, the forum state's tolling principles are also applied.").

2012 complaint—plaintiff asserts that he was "ignorant of the injury caused by the defendants . . . due to the plaintiff seeking an affirmative action thru [sic] a complaint intake system that failed to investigate or discipline the officer within the time limit allowed to complete an investigation or discipline an officer pursuant [to] Louisiana State Law."[40] To the extent plaintiff is arguing that this assertion implicates the second and fourth categories of the doctrine of *contra non valentem*, such argument is rejected.[41]

With respect to the second category, plaintiff has not asserted that he was *required* to go through the formal complaint process with defendants before filing his complaint,[42] and the Court has not been presented with anything to suggest that such process is a prerequisite to filing an action against any of the defendants in this case.[43] Accordingly, the second category of *contra non valentem* is inapplicable.

With respect to the fourth category, plaintiff asserts that he was "ignorant of the injury caused by the defendants" until after the investigation into his December 12, 2012 complaint.[44] *See id.* However, this assertion is plainly contradicted by plaintiff's allegations in the amended complaint. As discussed above, plaintiff knew or reasonably should have known of his cause of

---

[40] R. Doc. No. 8, at 1-2; *see also, e.g.*, R. Doc. No. 29, at 2 ("The Plaintiff didn't have knowledge of the cause of action until October, 2013.").

[41] Plaintiff has not alleged that the courts were legally closed or that defendants somehow prevented him from filing his petition and, therefore, the first and third categories are not relevant in this case.

[42] Plaintiff discusses La. Rev. Stat. § 40:2531, which addresses the process for investigating law enforcement officers, but plaintiff does not assert that the investigation ever *prevented* him from proceeding with his civil claims. *See* R. Doc. No. 23, at 1-3.

[43] As stated, the Court does not construe plaintiff's briefing as an assertion that La. Rev. Stat. § 40:2531 creates an administrative remedy that must be exhausted prior to litigation. However, to the extent that plaintiff does make such an argument, it is meritless—section 40:2531 pertains solely to the rights of law enforcement officers while they are under investigation, and such statute is irrelevant to plaintiff's claims. *See* R. Doc. No. 11, at 1-2.

[44] R. Doc. No. 8, at 1-2; *see also, e.g.*, R. Doc. No. 29, at 2 ("The Plaintiff didn't have knowledge of the cause of action until October, 2013.").

action at the time of his arrest and incarceration. *See Specialized Loan Servicing*, 119 So. 3d at 585-86. Accordingly, the fourth category of *contra non valentem* is also inapplicable.[45]

## CONCLUSION

Plaintiff has already amended his complaint once following the City Defendants' first Rule 12(b)(6) motion and the Sheriff's motion for summary judgment. U.S. Magistrate Judge Wilkinson denied plaintiff's motion for leave to file a second amended complaint because "[t]he proposed second amended complaint adds nothing significant," and he stated that the general rule of allowing amendments prior to dismissal pursuant to Rule 12(b)(6) should not apply as "amendment would be futile because the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling."[46] Accordingly,

**IT IS ORDERED** that defendants' motions to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) are **GRANTED**, and that all claims in the above-captioned matter are **DISMISSED WITH PREJUDICE**.

---

[45] Plaintiff also describes a number of personal circumstances that he contends should justify or excuse his failure to timely file his complaint. *See, e.g.*, R. Doc. No. 27, at 3. However, none of the circumstances cited by plaintiff would support the application of *contra non valentem* to toll the prescriptive period on his claims.

[46] R. Doc. No. 44, at 2. "Equitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 357 (5th Cir. 2011) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Plaintiff has not alleged any basis for equitable tolling in the amended complaint, nor has he argued in favor of equitable tolling in his briefing.

**IT IS FURTHER ORDERED** that the Sheriff's motion for summary judgment is **DISMISSED AS MOOT**.

New Orleans, Louisiana, March 5, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**