UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRENT STEVEN GRIFFIN, SR.**            **CIVIL ACTION**

**VERSUS**            **No. 14-559**

**NEW ORLEANS CITY ET AL.**            **SECTION I**

## ORDER

On March 5, 2015, the Court granted defendants' Rule 12 motions and dismissed plaintiff's claims with prejudice.[1] Presently before the Court are two *pro se* motions filed by plaintiff which are styled as a "motion for new trial pursuant [to] Rule 59(e)"[2] and a "motion to reopen the evidence."[3] The Court construes plaintiff's filings as motions to alter or amend the March 5, 2015 judgment and, for the following reasons, plaintiff's motions are **DENIED**.

The Court assumes familiarity with the background of this case.[4] *See Griffin v. New Orleans City*, No. 14-559, 2015 WL 1012982, at *1-2 (E.D. La. Mar. 5, 2015) (Africk, J.).

A motion to alter or amend the judgment filed pursuant to Rule 59(e)[5] "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d

---

[1] *See* R. Doc. Nos. 55, 56.
[2] R. Doc. No. 59, at 1 (emphasis and capitalization altered).
[3] R. Doc. No. 60, at 1 (emphasis and capitalization altered).
[4] *See* R. Doc. No. 55.
[5] Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff's motions were filed on March 27, 2015, twenty-two days after the Court entered judgment dismissing his claims. *See* R. Doc. No. 56.

167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Rule 59 does not provide litigants with a second chance to raise issues that previously could have been addressed. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.").

Plaintiff contends that newly discovered evidence warrants a reconsideration of the Court's March 5, 2015 order and judgment.[6] Plaintiff has submitted his own affidavit as well as an affidavit by a passenger in plaintiff's vehicle during the incident in question.[7] Plaintiff's arguments do not entitle him to any relief for at least three reasons.

---

[6] R. Doc. No. 59-1, at 2-6.
[7] R. Doc. Nos. 59-2, 59-3.

2

First, the Court entered judgment based solely on the pleadings and it did not need to consider any extraneous evidence in disposing of plaintiff's claims.[8] Second, plaintiff's newly submitted affidavits do nothing more than restate facts contained in the pleadings which the Court "accept[ed] . . . as true and liberally construe[d] . . . in the light most favorable to the plaintiff."[9] Third, the affidavits are dated March 25, 2015, twenty days after the entry of judgment against plaintiff, but plaintiff does not state why such affidavits could not have been prepared sooner. Such evidence clearly "could have been presented earlier in the proceedings," *Arceneaux*, 2008 WL 2067044, at *1 and, therefore, cannot serve as the basis for plaintiff's Rule 59(e) motion.

Plaintiff also contends that reconsideration is necessary to correct manifest errors of law and fact.[10] However, plaintiff merely rehashes the arguments that the Court rejected in its March 5, 2015 order and reasons and the Court need not allow relitigation of issues that it has already fully considered and decided. Accordingly,

**IT IS ORDERED** that plaintiff's motions are **DENIED**.

New Orleans, Louisiana, June 5, 2015.

                                                          LANCE M. AFRICK
                                        UNITED STATES DISTRICT JUDGE

---

[8] For the same reason, the Court rejects plaintiff's request that the Court allow him to engage in discovery. *See* R. Doc. No. 60-1.
[9] R. Doc. No. 55, at 5.
[10] R. Doc. No. 59-1, at 6-9.