UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRENT S. GRIFFIN, SR**                                                   **CIVIL ACTION**

**VERSUS**                                              **No. 14-559**

**NEW ORLEANS CITY**                                            **SECTION I**

## ORDER AND REASONS

Plaintiff has filed a motion[1] for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He argues that relief is warranted for a number of reasons,[2] all of which have been raised in prior pleadings except for his argument that this section should have recused itself from this matter because it is also overseeing implementation of the Consent Decree in *Jones v. Gusman*, No. 2:12-cv-00859. Defendants have filed oppositions[3] to plaintiff's motion. For the

---

[1] R. Doc. No. 71.
[2] Defendant, Marlin N. Gusman in his capacity as Sheriff of Orleans Parish, accurately characterizes plaintiff's arguments for relief from judgment as follows:

> [P]laintiff makes five arguments in his Motion for Relief pursuant to Fed. R. Civ. P. 60(b): 1) he was "unfairly surprised" by this Court's Order of dismissal after Judge Morgan recused herself, contending that Judge Africk should also have recused himself, for the same reasons necessitating Judge Morgan's recusal; 2) the judgment of dismissal was premature as "plaintiff is under judicial demand in municipal court" and thus the "cause of action [in the instant case] is still live;" 3) Plaintiff's "neglect" in untimely filing his second amended complaint after the Court issued and Order dismissing his claims is excusable, 4) defendant Gusman's "fraud" in filing a motion for summary judgment and Rule 12(c) Motion prior to the close of the pleadings; 5) the result is manifestly unjust as the case was not decided on the merits which deny him due process.

R. Doc. No. 74, at 3.
[3] R. Doc. Nos. 73, 74.

following reasons, the Court agrees with defendants that plaintiff's Rule 60(b) motion is meritless and should be denied.[4]

>Rule 60(b) allows a court to relieve a party from a final judgment based on:
>
>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff contends that the Court should reopen the case on the basis of Rule 60(b)(1), (b)(4), and the catch-all provision, (b)(6).[5] Granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").

The Court agrees with all defendants that the only novel argument plaintiff raises in his motion is his assertion that this section should have recused itself from his case. 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Furthermore, Section 455(B)(1) requires that a judge disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Court must therefore determine "whether a reasonable and objective person, knowing all of the facts, would harbor doubts

---

[4] This Court originally ordered that plaintiff's motion would be taken under submission on March 4, 2016. R. Doc. No. 72. However, as all defendants have now filed oppositions to plaintiff's motion, the Court finds it appropriate to take the motion under submission at this time.
[5] R. Doc. No. 71, at 1.

2

concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg*, 486 U.S. at 860–61). Although section 455 contains mandatory language, in application, "the decision to recuse is committed to the sound discretion of the trial court . . . ." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997).

Plaintiff's contention that this Court was somehow biased against him as a result of its overseeing implementation of the Consent Decree in *Jones v. Gusman*, No. 2:12-cv-00859 is completely without merit. No reasonable person familiar with the all of the circumstances of *Jones* would "harbor doubts about the judge's impartiality." *Jordan*, 49 F.3d at 155. As defendants argue, this Court "is more than capable of dealing in a fair and even-handed manner with all parties – particularly in a case where the prescription issue is so clear cut."[6][7] Accordingly,

**IT IS ORDERED** that plaintiff's motion for relief from judgment is **DENIED**.

New Orleans, Louisiana, February 26, 2016.

                                                         **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 73 at 1–2.
[7] This Court's decision to dismiss plaintiff's claims was affirmed by a unanimous decision of the Fifth Circuit. *See* R. Doc. No. 69.